United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMUNITY REALTY PROPERTY MANAGEMENT, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD GLAUDE, et al., <br><br> Defendants. | Case No. 24-cv-00774-TLT <br><br> **ORDER GRANTING MOTION TO REMAND TO STATE COURT** <br><br> Re: Dkt. Nos. 9, 10 |

**BACKGROUND**

Defendant Donald Glaude ("Defendant") removed the action from Alameda County Superior Court on February 8, 2024. ECF 1. Defendant did so on the basis that there is a "simultaneously pending civil action" in this Court that include federal questions. Not. of Removal, ECF 1, at 1. Plaintiff filed a Motion to Remand for lack of subject matter jurisdiction.[1] 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). For the reasons herein, the Court **GRANTS** the Motion to Remand.

**STANDARD OF REVIEW**

Under Title 28 of the U.S. Code, Section 1441(a), a defendant may remove an action from state court to any federal district court with original jurisdiction. 28 U.S.C. § 1441(a). Removal may be based on complete diversity of citizenship or if the state law action asserts a federal claim.

---

[1] In the Motion to Expedite Hearing, ECF 10, at 3, Plaintiff asserts that "Defendant Donald Glaude's action in removing this case to this under the guise of federal question was done for the sole purpose of delaying the unlawful detainer case." This statement, while noteworthy, does not impact our analysis here.

28 U.S.C. 1441(b)&(c). However, a civil action removed on diversity of citizenship grounds is improper if defendants joined are citizens of the state in which removal is sought. 28 U.S.C. § 1441(b)(2). A district court may have supplemental jurisdiction of all other claims that form part of the "same case or controversy" as claims pending in federal court for which the court has original jurisdiction. 28 U.S.C. § 1367(a).

**DISCUSSION**

### I. The Case was Improperly Removed to Federal Court and Must be Remanded

#### 1. The Case Does Not Implicate a Federal Question

The state action removed solely asserts a state law claim for unlawful detainer. Cal. Code Civ. P. § 1161(a). Therefore, removal based on federal question jurisdiction is improper. *See* 28 U.S.C. § 1441(c).

#### 2. Removal Based on Diversity of Citizenship is Improper Based on the Forum Defendant Rule

The forum defendant rule provides that a civil action properly removable based on diversity jurisdiction may not be removed if any of the defendants joined or served are citizens of the forum state. 28 U.S.C. § 1441(b)(2). The forum defendant rule "confines removal on the basis of diversity jurisdiction where no defendant is a citizen of the forum state." *Lively v. Wild Oats Mkts.*, 456 F.3d 933, 939 (9th Cir. 2006).

In this case, the Defendant removing the action is a California resident. *See* Not. of Removal, ECF 1, at 1 (providing Defendant's California address). Therefore, the Forum Defendant Rule bars removal otherwise proper under diversity jurisdiction grounds.[2]

#### 3. Ancillary Jurisdiction Is Improper Because the District Court Dismissed the Claims of the Federal Action

---

[2] In any event, the action does not meet the amount in controversy requirement. *See* Not. of Removal, ECF 1, at 25 (stating that the amount in controversy does not exceed $10,000). Also, there is a lack of complete diversity because the Plaintiff is a California resident.

A district court may have supplemental jurisdiction of all other claims that form part of the "same case or controversy" as claims pending in federal court that assert federal questions. 28 U.S.C. § 1367(a). But a district court may decline supplemental jurisdiction over any claim brought under Section 1367(a) if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

In the removal notice, Defendant asserted an ancillary federal court proceeding 23-cv-05429-TSH.[3] Not. of Removal, ECF 1, ¶ 14, at 5. However, Chief Judge Seeborg dismissed this case on February 16, 2024. The Court ruled all but one of the claims was barred by *res judicata*. Or. Granting Mot. to Dismiss, 23-cv-05429-RS, ECF 48, at 4–8. Additionally, the Court dismissed a Truth in Lending Act ("TILA") claim for being time-barred under the appropriate statute of limitations.[4] Fed. R. Civ. P. 12(b)(6).

**CONCLUSION**

The Court **GRANTS** the Motion to Remand, ECF 9, because removal was improper. Therefore, the Motion to Expedite Hearing, ECF 10, is **MOOT**. The case is hereby **REMANDED** to Alameda County Superior Court.

**IT IS SO ORDERED.**

This Order resolves ECF 9 & 10.

Dated: April 3, 2024

TRINA L. THOMPSON
United States District Judge

---

[3] The Court notes that the correct citation is 23-cv-05429-RS.
[4] "The loan transaction to which Glaude refers in his amended complaint took place in May 2005." Or. Granting Mot. to Dismiss, 23-cv-05429-RS, ECF 48, at 8 (noting that equitable tolling doctrine did not apply to the TILA claim). On March 5, 2024, Glaude appealed the final judgment. Not. of App., 23-cv-05429-RS, ECF 50.

3